# EXHIBIT

District Court, Clark County, Nevada
Complaint & Summons
A-16-747788-C

1  **SUMM**
   ANTHONY P. SGRO, ESQ
2  Nevada Bar No. 003811
3  ANDREW D. SEDLOCK, ESQ.
   Nevada Bar No. 9183
4  PATTI, SGRO & ROGER
   720 S. Seventh Street, Third Floor
5  Las Vegas, Nevada 89101
6  Telephone: (702) 385-9595
   Facsimile: (702) 386-2737
7  asedlock@psrlegal.com
   *Attorneys for Plaintiff*
8

9                    **DISTRICT COURT**

10              **CLARK COUNTY, NEVADA**

11  | DARWIN MAZARIEGOS-DIAZ, an | CASE NO.: A-16-747788-C |
12  | individual, | |
    | | DEPT. NO.: XXIX |
13
14  |         Plaintiff, | |
15  |         vs. | |
16  | LAUREN NICHOLE PARNELL, an | **SUMMONS - CIVIL** |
    | individual; JESSICA JACOBSEN, an | |
17  | individual; DOES I through XV; and ROE | |
18  | Corporations I through X, inclusive, | |
19  |         Defendants. | |

20
                    **LAUREN NICHELE PARNELL**
21

22  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
23  **READ THE INFORMATION BELOW.**

24  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you

25  for the relief set forth in the Complaint.

26      1.    If you intend to defend this lawsuit, within 20 days after this Summons is served

27      on you, exclusive of the day of service, you must do the following:

28          (a) File with the Clerk of this Court, whose address is shown below, a formal

-1-

written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____
ANTHONY P. SGRO, ESQ
Nevada Bar No. 003811
ANDREW D. SEDLOCK, ESQ.
Nevada Bar No. 9183
PATTI, SGRO & ROGER
720 S. Seventh Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

CLERK OF COURT

_____
By:
    Deputy Clerk                    Date

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

Electronically Filed
12/08/2016 10:12:38 AM

*Steven D. Grierson*

**CLERK OF THE COURT**

1  **COM**
2  ANTHONY P. SGRO, ESQ.
   Nevada Bar No. 003811
3  ANDREW D. SEDLOCK, ESQ.
   Nevada Bar No. 9183
4  PATTI, SGRO & ROGER
5  720 S. Seventh Street, Third Floor
   Las Vegas, Nevada 89101
6  Telephone: (702) 385-9595
   Facsimile: (702) 386-2737
7  Attorneys for Plaintiff
8  asedlock@psrlegal.com

9                      **DISTRICT COURT**

10                 **CLARK COUNTY, NEVADA**

11  DARWIN MAZARIEGOS-DIAZ, an          CASE NO.:  A-16-747788-C
12  individual,                         DEPT. NO.:   XXIX

13
                    Plaintiff,
14

15          vs.

16  LAUREN NICHOLE PARNELL, an
    individual; JESSICA JACOBSEN, an
17  individual; DOES I through XV; and ROE
    Corporations I through X, inclusive,
18

19                  Defendants.

20
                    **PLAINTIFF'S COMPLAINT**
21

22      COMES NOW the Plaintiff, DARWIN MAZARIEGOS-DIAZ, by and through his

23  attorneys, ANTHONY P. SGRO, ESQ., and ANDREW D. SEDLOCK, ESQ., of the law firm

24  of PATTI, SGRO & ROGER, and for causes of action against Defendants, LAUREN

25  NICHOLE PARNELL, JESSICA JACOBSEN, DOES I through XV, and ROE

26  CORPORATIONS I through X, inclusive, and jointly and severally, alleges as follows:

27  ///

28  ///

                                    -1-

## GENERAL ALLEGATIONS

1.    At all times relevant hereto, Plaintiff DARWIN MAZARIEGOS-DIAZ was and is a resident of Clark County, State of Nevada, and the events as described herein occurred in Clark County, Nevada.

2.    Upon information and belief, Defendant LAUREN NICHOLE PARNELL (hereinafter "Parnell"), is a resident of Clark County, State of Nevada, and the events as described herein occurred in Clark County, Nevada.

3.    Upon information and belief, at all times relevant hereto, Defendant JESSICA JACOBSEN (hereinafter "Jacobsen"), was and is a resident of Clark County, State of Nevada, and the events as described herein occurred in Clark County, Nevada.

4.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through XV and ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names;

5.    Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated herein as DOE or ROE is responsible in some manner for the events and happenings referred to herein, and caused damages proximately to the Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES I through XV, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

6.    Plaintiff is informed and believes that DOES I through XV are owners, operators, and lessors, or individuals otherwise in possession and control of, the motor vehicles herein alleged, who maintain the motor vehicles herein alleged, and/or are individuals otherwise within the flow of traffic related hereto.

7.     Plaintiff is informed and believes that ROE CORPORATIONS I through V are owners, lessors, and/or maintainers of the motor vehicles herein alleged, and/or are in some manner responsible for the actions and omissions of their employees, agents, assigns, lessees, and/or predecessors or successors in interest related hereto.

8.     Plaintiff is informed and believes that ROE CORPORATIONS VI through X are insurers of Plaintiff and/or the motor vehicles and/or parties herein alleged and provided insurance to include, but not limited to, uninsured and underinsured motor coverage, umbrella, disability, death and funeral benefits, medical payments, and/or other insurance for Plaintiff and/or any party hereto.

### FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

10.    On or about May 19, 2015, Plaintiff was lawfully operating his vehicle on Interstate 15 in Las Vegas, Nevada, traveling south.

11.    Parnell also was traveling south on I-15, one lane over from Plaintiff.

12.    Parnell made an unsafe lane change into Plaintiff's lane.

13.    As a result of her failure to exercise reasonable care, Parnell collided with Plaintiff's vehicle.

14.    Parnell was found to be at fault for the accident, and was issued a citation by Nevada Highway Patrol for making an unsafe lane change in violation of NRS 484B.223.

15.    Plaintiff was not issued a citation for the accident.

16.    Defendant Jacobsen is the registered owner of the vehicle Parnell was driving in the accident with Plaintiff.

17.   As a result of the impact of the accident, Plaintiff suffered personal injuries to his body, including but not limited to his head, neck, and back.

18.   As a result of said injuries, Plaintiff received treatment and engaged the services of physicians to provide him with care and treatment.

19.   Said injuries have caused Plaintiff severe pain and suffering and will potentially require future treatment.

20.   Plaintiff has suffered damages in an amount in excess of $10,000.00.

21.   Plaintiff has been required to retain the services of the law firm of PATTI, SGRO & ROGER to prosecute this action, and therefore is entitled to reasonable attorney's fees and costs.

## FIRST CAUSE OF ACTION: NEGLIGENCE

22.   Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

23.   Parnell owed Plaintiff a duty to exercise due care in operating a motor vehicle on a public roadway, and said actions described above were a breach of Parnell's duty to use due care.

24.   As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and willfulness of Parnell, Plaintiff suffered personal injuries to his body, including but not limited to his head, neck, and back.

25.   As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and willfulness of Parnell, Plaintiff required medical care to treat injuries sustained in the motor vehicle accident and will require future treatment, the cost of which exceeds $10,000.00.

-4-

26.   Since the accident, Plaintiff has experienced pain and suffering, all to his general damages in excess of $10,000.00.

27.   Plaintiff has been required to retain the services of the law firm of PATTI, SGRO & ROGER to prosecute this action, and is entitled to reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION: NEGLIGENCE PER SE

28.   Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

29.   Parnell owed Plaintiff a duty to exercise due care in operating a motor vehicle on a public roadway.

30.   Parnell owed Plaintiff a duty to maintain appropriate speed and distance, along with a duty to properly observe traffic lanes, traffic control devices, and posted signs.

31.   Parnell's actions were in direction violation of Nevada Revised Statutes, and therefore constitute negligence per se.

32.   Such statutory provisions were enacted to protect the general public while on the roadways of the State of Nevada.

33.   Plaintiff was and is a member of the class(es) these Nevada Revised Statutes were intended to protect.

34.   As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and willfulness of Parnell, Plaintiff suffered severe and serious personal bodily injuries, including but not limited to his head, neck, and back.

35.   As a result of said injuries, Plaintiff has been required to engage the services of physicians to provide him with care and treatment.

36.   Plaintiff is entitled to reimbursement for her bills incurred for the medical treatment and therapy of injuries related to the accident caused by Parnell.

37.   Since the accident, Plaintiff has experienced pain and suffering, all to his general damages in excess of $10,000.00.

38.   Plaintiff has been required to retain the services of the law firm of PATTI, SGRO & ROGER to prosecute this action, and is entitled to reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT

39.   Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

40.   Jacobsen knowingly entrusted the use of her vehicle to Parnell.

41.   Jacobsen knew or should have known that Parnell was an inexperienced and/or incapable driver.

42.   Jacobsen owed Plaintiff a duty to exercise due care in entrusting her vehicle to Parnell, and breached this duty.

43.   As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and willfulness of Jacobsen, Plaintiff suffered multiple bodily injuries.

44.   As a result of said injuries, Plaintiff has been required to engage the services of medical care providers to provide him with care and treatment.

45.   Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries related to the accident caused by Jacobsen.

46.   Since the accident, Plaintiff has experienced pain and suffering, all to his general damages in excess of $10,000.00.

47.   Plaintiff has been required to retain the services of the law firm of PATTI, SGRO & ROGER to prosecute this action, and is entitled to reasonable attorney's fees and costs.

**WHEREFORE**, PLAINTIFF, expressly reserving his right to amend this Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demands judgment against Defendant Lauren Nichole Parnell, Defendant Jessica Jacobsen, DOES I through XV, and ROE CORPORATIONS I through X, and each of the Defendants, jointly and severally, as follows:

1.   For general damages in an amount in excess of $10,000.00;

2.   For special damages in an amount according to proof at trial;

3.   For lost wages and loss of earning capacity according to proof at trial;

4.   For an award of punitive damages in an amount to be determined by the trier of fact within the parameters of NRS 42.005;

5.   For interest as provided by law;

6.   For an award of reasonable attorney's fees and costs of suit; and

7.   For such other and further relief as the Court may deem just and proper.

DATED this 6th day of December, 2016.

                              PATTI, SGRO & ROGER


                              ___/s/ Andrew D. Sedlock_____
                              ANTHONY P. SGRO, ESQ.
                              Nevada Bar No. 003811
                              ANDREW D. SEDLOCK, ESQ.
                              Nevada Bar No. 9183
                              720 S. Seventh Street, Third Floor
                              Las Vegas, Nevada 89101
                              *Attorneys for Plaintiff*

-7-

# DISTRICT COURT CIVIL COVER SHEET   A-16-747788-C

_____ County, Nevada

Case No. _____   XXIX

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Darwin Mazariegos-Diaz | Lauren Nichole Parnell |
| | Jessica Jacobsen |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Anthony P. Sgro, Esq. | |
| Patti, Sgro & Roger | |
| 720 S. 7th Street, 3rd Floor, Las Vegas, NV 89101 | |
| 702-385-9595 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☒ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

December 8, 2016

Date

/s/ Andrew D. Sedlock

Signature of initiating party or representative

*See other side for family-related case filings.*