UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DARWIN MAZARIEGOS-DIAZ, | Case No. 2:17-CV-440 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendant United States of America's motion for summary judgment (ECF No. 12). Plaintiff Darwin Mazariegos-Diaz filed a response (ECF No. 13) to which defendant replied (ECF No. 17).

Also before the court is plaintiff's request for oral argument. (ECF No. 18).

**I. Facts**

On May 19, 2015, plaintiff was involved in an automobile accident with Lauren Parnell. (ECF No. 13). Plaintiff then retained an attorney to represent him in regard to his claim against Parnell as well as the registered owner of the vehicle Parnell was driving at the time of the accident. *Id.*

Plaintiff's attorney learned that at the time of the accident Ms. Parnell was in the course and scope of her employment with the Federal Bureau of Investigations ("FBI"). *Id.* Plaintiff's attorney served a written claim to an FBI representative on "Standard Form 95." *Id.* On April 29, 2016, plaintiff's attorney received notice from the FBI denying plaintiff's claim. *Id.*

Shortly after receiving the denial letter, plaintiff's attorney fired plaintiff as a client. *Id.* Plaintiff's lawyer did not wish to pursue a lawsuit in the wake of the FBI's denial of plaintiff's claim. *Id.* While plaintiff was aware his written claim submitted by his attorney was rejected,

plaintiff was unaware Ms. Parnell was an employee of the FBI and that the demand had been sent to the FBI. *Id.*

On May 31, 2016, plaintiff retained his current attorney. *Id.* Using the police report, plaintiff's current attorney sought to locate Ms. Parnell and the vehicle's owner to obtain their insurance information. *Id.* Due to the difficulty in locating Ms. Parnell and the vehicle's owner, plaintiff's current attorney did not file a complaint until December 8, 2016. *Id.* Plaintiff filed its complaint in state court.

On February 9, 2017, counsel for the United States first filed a notice of removal to United States District Court and then filed a notice of substitution, substituting the United States as party for Ms. Parnell. *Id.* Defendant submitted a statement concerning removal on February 21, 2017. *Id.* On March 13, both parties submitted a joint status report. *Id.*

Despite several appearances in court, defendant stated it had yet to be served and thus could not participate in setting up a discovery schedule. *Id.* Obliging, plaintiff served a copy of the complaint to defendant on April 28, 2017, with proof of service filed with the court on May 10, 2017. *Id.* Defendant did not file its answer until July 10, 2017, exactly 60 days after service. *Id.* The parties then scheduled a discovery conference for August 11, 2017 – defendant's first available date. *Id.*

At the discovery conference, instead of discussing a discovery schedule, defense counsel informed plaintiff's counsel that the applicable statute of limitations had expired prior to the filing of plaintiff's complaint on December 8, 2016. *Id.* Up until this point, plaintiff believed his only impediment to filing a suit was the expiration of the statute of limitations on May 19, 2017 – two years from the date of the accident. *Id.*

On August 28, 2017, the parties filed a stipulation agreeing to delay the start of discovery so that the statute of limitations issue could be decided by motion. *Id.* On September 19, 2017, defendant filed the instant motion for summary judgment, requesting dismissal of plaintiff's claims based on statute of limitations grounds. *Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.    Discussion**

Defendant requests the court rule as a matter of law in its favor, claiming plaintiff's complaint submitted on December 8, 2016 was time barred. (ECF Nos. 12 and 17). While plaintiff admits his complaint was untimely filed, in his response to defendant's motion (ECF No. 13), he argues the six-month FTCA limitation period should be equitably tolled.[1]

Tort claims made against the federal government or its agents are governed by the Federal Tort Claims Act ("FTCA"). In addition to the statute of limitations of two years that is generally applicable to personal injury claims, there is an additional time limit set forth for FTCA claims in 28 U.S. Code § 2401(b): "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing . . . of notice of the final denial of the claim by the agency to which it was presented."

This six-month limitations period has been strictly upheld. *See Hatchell v. United States*, 776 F.2d 244 (9th Cir. 1985) (holding petitioner's action filed only 3 days after the expiration of the six-month limitations period was time barred). However, the United States Supreme Court has ruled that the limitation set forth in 28 U.S.C. § 2401(b) is non-jurisdictional, and is thus subject to equitable tolling in certain instances: "The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." *U.S. v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015).

"Equitable tolling 'focuses on whether there was an excusable delay by the plaintiff.'" *City of North Las Vegas v. State Local Government Employee-Management Relations Bd.*, 127 Nev. 631, 640, 261 P.3d 1071, 1077 (2011) (citing *Lukovsky v. City and County of San Francisco*, 535, F.3d 1033, 1051 (9th Cir. 2008)); *see also Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir.

---

[1] Plaintiff also requested oral argument related to the instant motion. (ECF No. 18). As the factual and legal disputes are adequately summarized in the parties' briefs, the court will deny plaintiff's motion.

1998). If the delay is deemed 'excusable,' equitable tolling extends the statute of limitations for filing until the plaintiff can gather the requisite information to do so. *Id.*

Well established equitable-tolling principles dictate that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (2013) (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S.Ct. 1414, 1419, 182 L.Ed.2d 336 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005))).

The Supreme Court has been explicit in its characterization of equitable tolling's components as two distinct elements and "not merely factors of indeterminate or commensurable weight." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 756 (2016). Accordingly, to assert a successful claim for equitable tolling, both elements must be satisfied. *Id.*

To satisfy the first element of reasonable diligence, a plaintiff must put forth the same effort that a reasonable person would be expected to deliver under his or her particular circumstances. *Kwai Fun Wong*, 732 F.3d at 1052. In pursuit of his or her claim, plaintiff must be "without any fault." *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996). This element covers circumstances that are within the litigant's control. *Menominee*, 136 S.Ct. at 756.

A lawyer's miscalculation of a filing deadline or failure to learn of the previous legal actions taken by its client does not rise to the level of "external circumstances beyond [the plaintiff's] direct control." *Wong* 732 F.3d at 1052. In *Wong*, the court ruled plaintiff satisfied the extraordinary-circumstance elements. There, the untimely filing of plaintiff's complaint was due to a delay caused by the district court, a circumstance entirely out of plaintiff's control. *Id.*

As to the second element, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Kwai Fun Wong*, 732 F.3d at 1052. Instead, to warrant equitable tolling, a plaintiff must show his or her untimely filing was due to extraordinary, external circumstances beyond plaintiff's direct control. *Menominee*, 136 S.Ct. at 756.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Equitable tolling is not appropriate in this case. Plaintiff did not meet his burden of establishing the two required elements necessary to invoke equitable tolling.

While plaintiff's conduct in the pursuit of his claim does not evince an obvious lack of diligence, prompt filing of his complaint was "within [his] control." Menominee, 136 S.Ct. at 756. The untimely filing of plaintiff's complaint was a direct result of his passive involvement. Plaintiff could have done more to communicate with his original attorney, review files, and better understand what was being filed and for what purpose. "It has been a long-standing principle of jurisprudence . . . that ignorance of the law is no excuse." *Ruley v. Nelson* 106 F.R.D. 514, 518 (D. Nev. 1985).

Further, when plaintiff retained his current counsel, he should have done more to initiate, or at least encourage, communication between both attorneys. The fact that neither plaintiff nor his current attorney spoke with or reviewed the files of plaintiff's former attorney does not exhibit diligence. The court is not dismissive of the apparent efforts plaintiff's current attorney undertook to locate Ms. Parnell, but instead suggests there were logical and accessible steps available that may have rendered such a difficult search unnecessary.

Accordingly, plaintiff did not exhibit diligence throughout the litigation. Plaintiff's failure to satisfy the first element precludes the court from granting his request for equitable tolling. *Menominee*, 136 S.Ct. at 756.

Plaintiff also does not satisfy the second required element for equitable tolling. Plaintiff fails to cite to an extraordinary circumstance, outside the scope of his control, that prevented a timely filing of his complaint. Instead, the bulk of plaintiff's response (ECF No. 13) underscores the dilatory nature of defendant's conduct *after* plaintiff filed his complaint, when the statute of limitations had already expired over a month before.

Unlike the plaintiff in *Wong*, whose untimely filing was the result of a delay by the district court, plaintiff's untimely filing here was due to circumstances with his control. Instead, simple, and seemingly obvious efforts taken on plaintiff's behalf could have avoided the filing of plaintiff's complaint beyond the expiration of the six-month FTCA statute of limitations window. Therefore, the court will not equitably toll the applicable FTCA statute of limitations.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's request for oral argument (ECF No. 18) be, and the same hereby is, DENIED.

DATED December 15, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -